**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BRANDON CALEB,** | ) | |
| **Plaintiff,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **v.** | ) | **Case No. 4:26-cv-197** |
| | ) | |
| **EQUIFAX INFORMATION SERVICES,** | ) | |
| **LLC,** | ) | |
| **Defendants.** | ) | |
| | ) | |

# AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

**COMES NOW**, Plaintiff, Brandon Caleb, by and through undersigned counsel and hereby files this Complaint against Defendant, Equifax Information Services, LLC (hereinafter "Equifax"), stating as follows:

## II. PRELIMINARY STATEMENT

1. This action arises out of repeated violations of the Fair Credit Reporting Act (hereinafter "FCRA") 15 U.S.C. § 1681 et seq., by Equifax against Plaintiff.
2. Plaintiff found inaccurate, incomplete, false, and unverifiable information included in Plaintiff's credit report(s).

3. The FCRA mandates that credit reporting agencies disclose certain information to consumers upon request in order to allow consumers to verify the accuracy of information maintained in their credit files. *See* 15 U.S.C. § 1681g; *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2213 (2021) ("As the plaintiff's note, the disclosure and summary-of-rights requirements are designed to protect consumers interest in learning of any inaccuracies in their credit files so that they can promptly correct the files before they are disseminated to third parties.")
4. Despite Plaintiff's request for a complete file disclosure, Equifax failed and refused to provide Plaintiff with his full file.

## III. JURISDICTION AND VENUE

5. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p.
6. Equifax is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court.
7. Venue is proper in this district under 28 U.S.C. § 1391(b) because Equifax conducts substantial business within this district, and the events giving rise to this action occurred in Texas.

## IV. PARTIES

8. Plaintiff Brandon Caleb is a natural person residing in Texas.
9. Plaintiff Brandon Caleb is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681(a), (b), and (c).

10. Upon information and belief, Equifax Information Services, LLC is a Georgia corporation duly authorized and qualified to do business in the State of Texas.

11. Equifax is a nationwide *Credit Reporting Agency* ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, Equifax regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet.

12. As a CRA, Equifax is aware of its obligations under the FCRA.

## V. FACTS OF THE COMPLAINT

13. On or about March 16, 2025, Plaintiff obtained copies of his consumer credit disclosures from Equifax Information Services, LLC, through www.annualcreditreport.com.

14. Pursuant to 15 U.S.C. § 1681g(a) Equifax was required to clearly and accurately disclose to Plaintiff all the information in his file, subject to the same limited exception regarding truncation of the Social Security number.

15. Plaintiff avers Equifax's disclosure omitted critical information contained within his credit file, thereby failing to meet this requirement.

16. The omitted data included inaccurate information, re-aged data, and incomplete account details.

17. The Accounts with known inaccuracies or incomplete data included: (3) American Express, JPMCB Card Services, Navy Federal Credit Union, (2) Citi Cards CBNA, Barclays Bank Delaware, Capital One Bank USA NA, Crdt First, Discover Bank, Bank of America, Navy Federal Credit Union Flagstar Bank, (2) Portfolio Recovery Assoc, Verizon Wireless, IC Systems, among others.

18. These errors and omissions were numerous and included, but were not limited to, the following: Incomplete account numbers, incomplete credit limits, Terms Durations, Frequency, Activity Designator, Date of Last Payment, Actual Payment Amount, Scheduled Payment Amount, Date of Last Activity, Date Maj Del 1st Reported, Charge Off Amount, Deferred Pay Start Date, Balloon Pay Amount, Balloon Pay Date, Charge- off dates, and etc.

19. The following accounts reported by Equifax contained inaccurate information that adversely affected Plaintiff's credit report and credit score.

20. American Express 7233: Account number is incomplete, payment history is incomplete, actual payment amount is incomplete, date of last activity is incomplete, deferred payment start date is incomplete, balloon payment date is incomplete, term duration is incomplete, date of last payment is incomplete,

charge off amount is incomplete, balloon payment amount is incomplete, date closed is incomplete.

21. JPCB Card Services 6250: Account number is incomplete, payment history is incomplete, credit limit is incomplete, actual payment amount is incomplete, date of last activity is incomplete, deferred payment date is incomplete, balloon payment date is incomplete, term duration is incomplete, scheduled payment amount is incomplete, balloon payment amount is incomplete, date closed is incomplete.

22. American Express 9923: Account number is incomplete, available credit is incomplete, payment history is incomplete, credit limit is incomplete, actual payment amount is incomplete, date of last activity is incomplete, deferred payment start date is incomplete, balloon payment date is incomplete, term duration is incomplete, date of last payment is incomplete, scheduled payment amount is incomplete, charge off amount is incomplete, balloon payment amount is incomplete, date closed is incomplete.

23. Navy Federal Credit Union 6084: Account number is incomplete, payment history is incomplete, high credit is incomplete, actual payment amount is incomplete, date of last activity is incomplete, deferred payment start date is incomplete, balloon payment date is incomplete, term duration is incomplete,

scheduled payment amount is incomplete, balloon payment amount is incomplete, date closed is incomplete.

24. Citicards CBNA 6993: Account number is incomplete, payment history is incomplete, actual payment amount is incomplete, date of last activity is incomplete, deferred payment start date is incomplete, balloon payment date is incomplete, term duration is incomplete, scheduled payment amount is incomplete, charge off amount is incomplete, balloon payment amount is incomplete, date closed is incomplete.

25. Barclays Bank Delaware 0612: Account number is incomplete, payment history is incomplete, high credit is incomplete, date of last activity is incomplete, deferred payment start date is incomplete, balloon payment date is incomplete, term duration is incomplete, date opened is incomplete, scheduled payment amount is incomplete, delinquency first reported is incomplete, balloon payment amount is incomplete.

26. Capital One Bank 3283: Account number is incomplete, payment history is incomplete, high credit is incomplete, date of last activity is incomplete, actual payment amount is incomplete, deferred payment start date is incomplete, term duration is incomplete, scheduled payment amount is incomplete, balloon payment amount is incomplete, date closed is incomplete.

27. Crdt First 0103: Account number is incomplete, payment history is incomplete, high credit in incomplete, actual payment amount is incomplete, date of last activity is incomplete, activity designator, deferred payment start date is incomplete, balloon payment date is incomplete, term duration is incomplete, scheduled payment amount is incomplete, balloon payment amount is incomplete, date closed is incomplete.
28. Citicards CBNA 5822: Account number is incomplete, payment history is incomplete, actual payment amount is incomplete, date of last activity is incomplete, deferred payment start date is incomplete, balloon payment date is incomplete, term duration is incomplete, scheduled payment amount is incomplete, charge off amount is incomplete, balloon payment amount is incomplete, date closed is incomplete.
29. Discover Bank 2019: Account number is incomplete, payment history is incomplete, high credit is incomplete, actual payment amount is incomplete, date of last activity is incomplete, activity designator is incomplete, deferred payment date is incomplete, balloon payment date is incomplete, term duration is incomplete, scheduled payment amount is incomplete, balloon payment amount is incomplete, date closed is incomplete.
30. American Express 6643: Account number is incomplete, available credit is incomplete, payment history is incomplete, credit limit is incomplete, actual

payment amount is incomplete, date of last activity is incomplete, deferred payment start date is incomplete, term duration is incomplete, date of last payment is incomplete, scheduled payment amount is incomplete, charge off amount is incomplete, balloon payment amount is incomplete, date closed is incomplete.

31. Bank of America 5009: Account number is incomplete, payment history is incomplete, amount past due is incomplete, actual payment amount is incomplete, deferred payment start date is incomplete, balloon payment date is incomplete, date of first delinquency is incomplete, term duration is incomplete, scheduled payment amount is incomplete, delinquency first reported is incomplete, charge off amount is incomplete, balloon payment amount is incomplete.

32. Navy Federal Credit Union 4140: Account number is incomplete, available credit is incomplete, credit limit is incomplete, amount past due is incomplete, activity designator is incomplete, deferred payment start date is incomplete, balloon payment date is incomplete, date of first delinquency is incomplete, delinquency first reported is incomplete, charge off amount is incomplete, balloon payment amount is incomplete, date closed is incomplete.

33. Flagstar Bank 5741: Account number is incomplete, available credit is incomplete, payment history is incomplete, amount past due is incomplete,

deferred payment start date is incomplete is incomplete, balloon payment date is incomplete, date of first delinquency is incomplete, scheduled payment amount is incomplete, delinquency first reported is incomplete, charge off amount is incomplete, balloon payment amount is incomplete.

34. Portfolio Recovery Assoc 3097: Account number is incomplete, available credit is incomplete, payment history is incomplete, credit limit is incomplete, actual payment amount is incomplete, date of last activity is incomplete, activity designator is incomplete, deferred payment start date is incomplete, balloon payment date is incomplete, term duration is incomplete, date of last payment is incomplete, scheduled payment amount is incomplete, charge off amount is incomplete, balloon payment amount is incomplete, date closed is incomplete, the original creditor is not being reported.

35. Verizon Wireless 0001: Account number is incomplete, available credit is incomplete, payment history is incomplete, credit limit is incomplete, activity designator is incomplete, deferred payment start date is incomplete, balloon payment date is incomplete, term duration is incomplete, date of last payment is incomplete, scheduled payment amount is incomplete, charge off amount is incomplete, balloon payment amount is incomplete, date closed is incomplete.

36. Portfolio Recovery Assoc 5542: Account number is incomplete, available credit is incomplete, payment history is incomplete, credit limit is incomplete, actual

payment amount is incomplete, date of last activity is incomplete, activity designator is incomplete, deferred payment start date is incomplete, balloon payment date is incomplete, term duration is incomplete, date of last payment is incomplete, scheduled payment amount is incomplete, charge off amount is incomplete, balloon payment amount is incomplete, date closed is incomplete, original creditor is not being reported.

37. Full account numbers are essential to allow consumers to determine whether a reported tradeline actually belongs to them, whether it is associated with a transaction they authorized, and whether the account is the product of error, misattribution, or identity theft.

38. Without access to complete account numbers, consumers, including Plaintiff, are unable to meaningfully verify ownership of reported accounts, reconcile duplicate or fragmented tradelines, or accurately dispute inaccurate or fraudulent information, thereby frustrating the remedial purpose of the Fair Credit Reporting Act and violating 15 U.S.C. § 1681g(a)(1).

39. The Federal Trade Commission has explained that a consumer reporting agency that routinely truncates or scrambles account numbers (or Social Security numbers) does not comply with Section 609 because such practices fail to provide an “accurate,” and potentially not a “clear,” disclosure of “all information” in the consumer’s file. FTC’s Darcy opinion letter.

40. Here, Plaintiff made no such request. Plaintiff requested a full file disclosure and relied on Equifax to provide all information clearly and accurately, as required by 15 U.S.C. § 1681g(a)(1).

41. The Date of First Delinquency reflects when an account initially became delinquent and controls the FCRA reporting period, while the Date Major Delinquency First Reported merely reflects when Equifax was notified of serious delinquency. Withholding either prevents consumers, including Plaintiff, from determining whether adverse information is being reported lawfully.

42. The actual payment amount, date of last payment, date closed, and activity designator constitute materially important account-level information that must be disclosed under 15 U.S.C. § 1681g(a)(1) because each field serves a distinct and necessary function in allowing consumers, including Plaintiff, to evaluate the accuracy of reported tradelines.

43. The date closed informs consumers whether an account remains open or has been terminated, which directly impacts creditworthiness and reporting status.

44. The activity designator identifies the current condition of the account, including whether it is active, delinquent, charged off, or closed.

45. Original creditor information allows consumers to identify the source from which the account originated and determine whether the alleged debt relates to an account they actually opened or authorized.

46. The account status identifies the present condition of the account, including whether the account is current, delinquent, charged off, in collections, or otherwise adversely reported.

47. This field is critical because it informs consumers, including Plaintiff, how the account is being characterized within their consumer file and how it may affect creditworthiness. Without a clear and accurate disclosure of the account status, consumers cannot determine whether the reporting reflects the true condition of the account or whether the tradeline is being inaccurately characterized.

48. By omitting these material data fields and leaving critical account information blank, truncated, or otherwise undisclosed, including failing to provide full account numbers or additional account identifiers beyond the four digits shown, original creditor information, complete payment history, payment amounts, dates of last activity, dates accounts were closed, and other account level data, Equifax deprived Plaintiff of the ability to determine whether the reported accounts pertained to transactions she conducted or accounts she actually maintained, identify the source from which the alleged debts originated, and cross reference the reported information with his own records.

49. As a result of these omissions, Plaintiff was unable to determine whether payments were accurately applied, whether delinquencies existed, when any delinquency first occurred, whether accounts were properly closed, or how the

furnisher characterized the status and activity of the accounts. Without this information, Plaintiff could not meaningfully review or understand the contents of her consumer file, verify the accuracy of the reported tradelines, identify the precise accounts at issue, or effectively dispute inaccurate or misleading information.

50. The actual payment amount allows consumers to determine whether payments were properly credited and whether balances reflect true financial activity. The date of last payment enables consumers to verify recency of activity, confirm whether an account was brought current, and assess whether reported delinquencies are valid.

51. Equifax's failure to clearly and accurately disclose payment history prevents consumers such as plaintiff from obtaining a complete and truthful understanding of the contents of their consumer files and interferes with their statutory right to meaningfully review and dispute inaccurate information, in violation of 15 U.S.C. § 1681g(a)(1).

52. Without full payment history, a consumer cannot determine whether payments were properly credited, whether late payments were assessed, or whether the account was ever delinquent.

53. Complete payment history constitutes materially important information that must be disclosed to consumers under 15 U.S.C. § 1681g(a)(1) because it allows

a consumer to determine whether an account was active, whether payments were made or missed, whether delinquency exists, and whether the reported tradeline accurately reflects the consumer's financial activity.

54. Equifax's unilateral truncation and omission of material account information therefore violated the statute.

55. Without all of the account details being fully reported this has negatively impacted Plaintiff's credit worthiness.

56. These omissions therefore frustrated the core purpose of 15 U.S.C. § 1681g(a)(1), which is to allow consumers to obtain a clear and accurate disclosure.

57. Under 15 U.S.C. § 1681g(a), upon receipt of Plaintiff's request, Equifax was legally obligated to provide Plaintiff with a complete and accurate disclosure of all information in his credit files at the time of his request.

58. Equifax provided an electronic copy of Plaintiff's Consumer Disclosure via www.annualcreditreport.com

59. Rather than comply with the FCRA, each creditor and Equifax knowingly and intentionally failed to disclose all of the information in Plaintiff's credit file.

60. Accordingly, Equifax's violations of the FCRA were willful.

61. Plaintiff avers he is entitled to receive a complete, accurate, and transparent disclosure of his credit file from each CRA upon demand, at least once a year

and without charge, and that disclosure must be presented clearly and accurately. *See* 15 U.S.C. § 1681j.

62. By failing to meet this requirement, Equifax deprived Plaintiff of a right granted by federal law.

63. These violations were willful, not negligent, and were carried out through systemic procedures that prioritized internal efficiency over the accuracy and completeness of consumer disclosures.

64. Equifax's practices suggest an institutional disregard for their statutory obligations under the FCRA.

65. Plaintiff relied on the information in the report to be accurate and complete therefore to prevent dissemination of a misleading report.

66. As a result, of Equifax's actions, Plaintiff suffers from emotional distress from the incomplete and inaccurate reporting in the form of anxiety, depression, embarrassment, fear, financial stress, and worry.

67. Plaintiff suffered monetary loss, including postage costs, because Equifax did not provide complete and accurate account information.

68. Furthermore, Equifax disseminated incomplete and inaccurate reports on or about twice on April 08, 2024, and April 09, 2024.

## VI. CAUSES OF ACTION

69. This suit is based upon the Equifax's violations of the Fair Credit Reporting Act.

70. All causes of action were the producing causes of damages, which Mr. Caleb suffered.

**FIRST CLAIM FOR RELIEF**
**15 U.S.C. § 1681g**

71. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

72. Equifax violated the FCRA.

73. Equifax's violations include, but are not limited to, the following: Equifax violated 15 U.S.C. § 1681g by failing to clearly and accurately disclose all of the information in Plaintiff's consumer file at the time of the request.

74. Equifax's conduct in violating the FCRA was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

75. In the alternative, Equifax was also negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

76. As a result of Equifax's conduct, Plaintiff suffered concrete and particularized harm, including, without limitation: loss of credit, credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

77. Equifax's conduct in violating § 1681i was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

78. In the alternative, Equifax was also negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## VII. DEMAND FOR TRIAL BY JURY

79. Pursuant to Rule 38 of the Federal Rules of Civil Procedure Plaintiff hereby requests a trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that judgment be entered against Equifax for all damages allowable (including statutory, actual, compensatory, nominal, and punitive), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

**Respectfully submitted this the 16th day of March 2026.**

**/s/ Noelle Sillmon**
**NOELLE SILLMON**
**Counsel for the Plaintiff**
**Alabama Bar No.: 4074Y61Q**
**TX Bar No.: 3870219**
**Legally Noelle Services, LLC.**
**P.O. Box 242141**
**Montgomery, AL 36124**
**(334) 513-1710**

**legally.noelle@gmail.com**

**CERTIFICATE OF SERVICE**

I certify that on March 16, 2026, I electronically filed the foregoing document(s) with the Clerk of the Court using the CM/ECF and/or email that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

FORREST M. "TEO" SEGER III
Attorney-in-charge
Texas Bar No. 24070587
Southern District Bar No. 125540
TSeger@clarkhill.com
CLARK HILL PLC
2301 Broadway St.
San Antonio, Texas 78215
(210) 250-6000
(210) 250-6100 (Fax)

**/s/ Noelle Sillmon**
**NOELLE SILLMON**