**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BRANDON CALEB,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:26-cv-00197** |
| | ) | |
| **EQUIFAX INFORMATION SERVICES,** | ) | |
| **LLC.,** | ) | |
| **Defendants.** | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**COMES NOW**, Plaintiff, Brandon Caleb, by and through undersigned counsel, respectfully submits this Response in Opposition to Defendant, Equifax Information Services, LLC's ("Equifax") Motion to Dismiss Plaintiff's Amended Complaint (the "Motion"). For the reasons set forth below, the Motion should be denied in its entirety.

## I. INTRODUCTION

Equifax's Motion relies on a narrow and incorrect interpretation of 15 U.S.C. § 1681g. Plaintiff does not seek to compel Equifax to invent or fabricate information that never existed. Instead, Plaintiff alleges that Equifax omitted material information that was already in his consumer file at the time of his request, including full account

numbers, complete payment histories, credit limits, dates of last activity, dates of first delinquency, and other account-level data for specific trade lines. These omissions prevented Plaintiff from verifying the accuracy of his file, identifying potential errors or identity theft, and exercising his statutory rights under the Fair Credit Reporting Act ("FCRA").

Plaintiff's Amended Complaint pleads specific facts identifying the affected accounts, the precise missing fields, and the concrete harms that resulted, including emotional distress, monetary losses, and frustration of the FCRA's remedial purpose. These allegations state a plausible claim under §1681g. For example, in two recent Report and Recommendations from the Eastern District of Texas, issued in nearly identical cases against Equifax. Both Court's reached the same conclusion and recommended denial of Equifax's motions to dismiss. *See Banks v. Equifax Info. Servs. LLC*, No. 5:25-CV-00111-JRG-JBB, Dkt. No. 23 (E.D. Tex. Feb. 9, 2026) (recommending denial); *Stafford v. Trans Union, LLC et al.*, No. 4:25-CV-00921-JDK-JDL, Dkt. No. 25 (E.D. Tex. Nov. 17, 2025) (recommending denial). This Court should adopt that persuasive authority and deny Equifax's Motion.

## II. LEGAL STANDARD

A complaint survives a Rule 12(b)(6) motion if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded facts as

true and draw all reasonable inferences in Plaintiff's favor. *Id.* The issue is not whether Plaintiff will ultimately prevail, but whether he is entitled to offer evidence in support of his claims. *Id.*

## III. ARGUMENT

### *A. Plaintiff Has Plausibly Alleged a Violation of § 1681g Due to Equifax's Failure to Disclose All Information in His File*

Section 1681g(a)(1) requires a consumer reporting agency to "clearly and accurately disclose to the consumer all of the information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1). When considering whether a party has violated §1681g, courts have considered whether "the disclosure is understandable to the average consumer," and whether the information provided to the consumer was in a form that was both "clear and accurate." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 759 (9th Cir. 2018). The statute does not limit disclosure to only the information that appears in a consumer report furnished to third parties. Rather, the statute mandates full disclosure of all information contained in the consumer's file.

Plaintiff's Amended Complaint identifies the exact tradelines at issue and the specific fields that Equifax left blank or incomplete in the disclosure that was received on or about March 16, 2025. See Amended Complaint ¶¶ 17-36. For example:

- American Express 7233: account number, payment history, actual payment amount, date of last activity, deferred payment start date, balloon payment date, term duration, date of last payment, charge-off amount, balloon payment amount, and date closed were all incomplete.
- JPMCB Card Services 6250: account number, payment history, credit limit, actual payment amount, date of last activity, deferred payment date, balloon payment date, term duration, scheduled payment amount, balloon payment amount, and date closed were all incomplete.

These fields are not extraneous. Full account numbers allow consumers to confirm ownership and detect identity theft. Complete payment histories, dates of first delinquency, and activity designators allow consumers to verify whether adverse information is being reported within the permissible seven-year window under §1681c.

The Federal Trade Commission has long recognized that routine truncation or scrambling of account numbers or Social Security numbers fails to provide the "accurate" and "clear" disclosure required by § 1681g. See FTC Advisory Opinion to Darcy (June 30, 2000), cited in Amended Complaint ¶ 39. The Metro II and Credit Reporting Resource Guide Standards mandates that original creditors name be reported/disclosed so that the consumer can identify the source of the information. In Plaintiff's case Equifax omitted the original creditor in both of the Portfolio

Recovery Assoc., trade lines. *See Blevins v. Equifax Info. Servs. LLC*, No. 25-cv-23481-BLOOM/Elfenbein, ECF No. 24 (S.D. Fla. Dec. 29, 2025) (Bloom, J.) The court concluded that Blevins sufficiently alleged Equifax failed to provide a clear and accurate disclosure of all the information in her file. *Id. at 6.* The Plaintiff is left confused without the source of the information. *Id.*

Equifax's argument that the omitted data does not "bear on creditworthiness" misapplies the definition of a "consumer report." The statutory duty under §1681g is broader than the definition of a consumer report under §1681a(d). The "file" includes all information maintained by the agency that relates to the consumer, and the disclosure must be complete so the consumer can check for inaccuracies before they are disseminated. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2213 (2021) (noting that disclosure requirements protect the consumer's interest in learning of inaccuracies so they can be corrected before dissemination).

The Eastern District of Texas reached exactly this conclusion in two recent, factually indistinguishable cases. In *Banks*, the magistrate judge held that allegations of omitted full account numbers, account information, and payment history for multiple trade lines stated a plausible § 1681g claim and recommended denial of Equifax's motion to dismiss. *Banks*, Dkt. No. 23 at 1-2, 5-6. In *Stafford*, the court similarly recommended denial, expressly rejecting Equifax's creditworthiness argument and finding that the omitted data was part of the consumer file. *Stafford*,

Dkt. No. 25 at 1, 6-7. Those decisions are directly on point and should guide this Court's analysis.

The out-of-district cases cited by Equifax (Gordon and Mott) are distinguishable. In those matters the plaintiffs failed to identify any specific omissions or attach the actual disclosures. Here, Plaintiff has done both. Moreover, those decisions do not bind this Court, while the Texas precedents provide persuasive guidance within the Fifth Circuit.

***B. Plaintiff Has Plausibly Alleged Willful Conduct and A Concrete Injury***

Equifax's Motion fails to challenge Plaintiff's allegations of willfulness. Plaintiff's Amended Complaint alleges that Equifax's omissions result from systemic automated procedures used for annualcreditreport.com disclosures, which Equifax is aware of this affecting large numbers of consumers, however Equifax has failed to correct this issue. Amended Complaint ¶¶ 59-64. These allegations satisfy the willfulness standard under § 1681n. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68 (2007).

Plaintiff has also alleged concrete injury sufficient for both standing and actual damages under §1681o. Plaintiff suffered emotional distress, anxiety, depression, embarrassment, fear, financial stress, and worry. Additionally, he incurred monetary losses, confusion, and relied upon. As a result of Equifax's failure to provide a full file disclosure, Plaintiff was deprived of the ability to verify account

ownership, reconcile tradelines, and dispute the inaccurate information. *See Banks*, Dkt. No. 23 at 6-7 (finding similar allegations of frustration, emotional distress, and inability to verify sufficient information); *Stafford*, Dkt. No. 25 at 4-6 (same).

### C. *Equifax's Remaining Arguments Fail*

Equifax's argument that it has no duty to "populate blank fields" misses the mark. Plaintiff does not allege that Equifax must invent data; instead, he alleges that data already furnished to Equifax by the data furnishers was not disclosed in the file provided to him. This distinction is dispositive and warrants dismissal. *See Gillespie v. Equifax Info. Servs., L.L.C.*,484 F.3d 938 (7th Cir. 2007) (reversing summary judgment where presentation of required fields was unclear; the issue is clarity of disclosure, not creation of new data).

Finally, Equifax's reliance on the truncation of Plaintiff's Social Security number is directly addressed by the FTC's Darcy opinion and the explicit statutory exception in § 1681g(a)(1)(C), which permits only the last four digits to be displayed in certain contexts. Plaintiff's allegations go far beyond that limited exception.

## IV. CONCLUSION

For the foregoing reasons, and those set forth in the Amended Complaint, Plaintiff respectfully requests that the Court deny Equifax's Motion to Dismiss in its entirety. In the alternative, if the Court finds any deficiency, Plaintiff requests leave to amend.

**Respectfully submitted this the 2nd day of April 2026.**

**/s/ Noelle Sillmon**
**NOELLE SILLMON**
**Counsel for the Plaintiff**
**Alabama Bar No.: 4074Y61Q**
**Texas Bar No.: 3870219**
**Legally Noelle Services, LLC.**
**P.O. Box 242141**
**Montgomery, AL 36124**
**(334) 513-1710**
**legally.noelle@gmail.com**

## CERTIFICATE OF SERVICE

I certify that on April 2, 2026, I electronically filed the foregoing document(s) with the Clerk of the Court using the CM/ECF, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

FORREST M. "TEO" SEGER III
Texas Bar No. 24070587
Southern District Bar No. 125540
TSeger@clarkhill.com
CLARK HILL PLC
2301 Broadway St.
San Antonio, Texas 78215
(210) 250-6000
(210) 250-6100 (Fax)
ATTORNEY FOR DEFENDANT, EQUIFAX INFORMATION SERVICES LLC

**/s/ Noelle Sillmon**
**NOELLE SILLMON**