**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **BRANDON CALEB,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 4:26-cv-00197** |
| | ) |
| **EQUIFAX INFORMATION SERVICES,** | ) |
| **LLC** | ) |
| **Defendants.** | ) |
| | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT, EQUIFAX INFORMATION SERVICES LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

**COMES NOW**, Plaintiff Brandon Caleb, proceeding by through undersigned counsel, respectfully submits this Opposition to Defendant, Equifax Information Services, LLC's ("Equifax") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 12) and Response to Equifax's Notice of Supplemental Authority (Doc. No. 19). For the reasons set forth below, the Motion to Dismiss should be denied in its entirety.

## I. INTRODUCTION

Defendant, Equifax moves to dismiss Plaintiff's Fair Credit Reporting Act ("FCRA") claim under 15 U.S.C. § 1681g(a)(1), arguing that the omission of full

account numbers, account information, and payment history from Plaintiff's consumer file disclosure does not constitute a concrete injury or state a viable claim. Equifax's recent Notice of Supplemental Authority (ECF No. 19) cites three decisions from the District of Massachusetts. Those out-of-circuit decisions are neither binding on this Court nor persuasive within this District.

However, two recent decisions from the Eastern District of Texas, a sister court within the Fifth Circuit, have now rejected Equifax's identical arguments in nearly identical cases. First, on November 17, 2025, in Robert Stafford v. Trans Union, LLC, et al., Civil Action No. 4:25-CV-00921-JDK (E.D. Tex.), United States Magistrate Judge John D. Love issued a thorough Report and Recommendation denying Equifax's motion to dismiss. (See Exhibit A, attached hereto, Stafford R&R, Doc. No. 25.) Second, on February 9, 2026, in Veronica Banks v. Equifax Information Services LLC, Civil Action No. 5:25-CV-00111-JRG-JBB (E.D. Tex.), where United States Magistrate Judge J. Boone Baxter issued another Report and Recommendation denying Equifax's motion to dismiss after the plaintiff in that case filed a Notice of Supplemental Authority citing the Stafford R&R. (See Exhibit B, attached hereto, Banks R&R, Doc. No. 23.) Both decisions are directly on point, involve the same defendant, the same statutory provision, and the same type of omissions from www.annualcreditreport.com disclosures. This Court should adopt

2

the reasoning set forth in *Stafford* and *Banks*, both of which provide persuasive in-circuit authority.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. The Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is proper only if the complaint fails to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. ARGUMENT

### A) Plaintiff Has Article III Standing

Equifax argues that Plaintiff lacks standing because the alleged omissions amount only to a technical formatting issue without concrete harm. Both the *Stafford* and *Banks* courts rejected this argument in factually indistinguishable cases.

In Stafford, the magistrate judge held that allegations of a willful violation of § 1681g suffice for standing because the FCRA expressly permits recovery of statutory and punitive damages under 15 U.S.C. § 1681n without proof of actual damages. (Stafford R&R at 4-5.) The court further found that the plaintiff's allegations of frustration, emotional distress, and inability to verify his report constitute concrete informational injuries. *Id.* In Banks, the magistrate judge reached the identical conclusion after expressly considering and adopting the Stafford

analysis. (Banks R&R at 7-10.) The Banks court held that the plaintiff's allegations of "great frustration and emotional distress" when trying to understand and verify the credit report, combined with the denial of information to which she was legally entitled, satisfied the concrete-harm requirement. (Id. at 8-9, citing Fifth Circuit precedent on emotional distress as a traditional harm.)

The out-of-circuit Massachusetts decisions cited by Equifax do not control here. Those cases pre-date (or are contemporaneous with) the detailed, in-circuit analyses in Stafford and Banks, and do not address the statutory language or the specific harms alleged by the plaintiffs in those Fifth Circuit cases. Therefore, this Court should follow the reasoning provided in *Stafford* and *Banks*.

## B) Plaintiff's Complaint States a Claim Under 15 U.S.C. § 1681g(a)(1)

Equifax's motion also fails on the merits. Section 1681g(a)(1) requires a consumer reporting agency to "disclose to the consumer … [a]ll information in the consumer's file at the time of request," subject only to narrow statutory exceptions. The statute expressly uses the term "consumer file," not "consumer report."

The Stafford court explained this distinction with precision, and the Banks court adopted that reasoning verbatim:

"15 U.S.C. § 1681g(a)(1) provides that a consumer reporting agency shall disclose to the consumer '[a]ll information in the consumer's file at the time of request,' except for full social security numbers where truncation is requested and credit

4

scores or risk scores. *Id.* This definition does not, on its face, equate the 'consumer file,' with a 'consumer report.' And indeed, the statutory definitions separate 'consumer report' and 'file,' defining file more broadly as 'all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored.' §1681a(g). § 1681g(a)(1) uses the term 'consumer file,' not 'consumer report,' including broader disclosure requirements upon request with narrowly outlined exceptions. For this reason, the court sees no reason why the ***full account numbers***, internal data, and payment history are not part of the consumer file as alleged." (Stafford R&R at 6-7; see also Banks R&R at 11-12 (expressly adopting and quoting this analysis).)

Both courts rejected Equifax's attempt to limit the "file" to information that bears on "creditworthiness" under the narrower "consumer report" definition. (Stafford R&R at 7; Banks R&R at 11-13.) The *Banks* court further noted that, even under Equifax's narrower view, the omission of payment history and full account numbers plausibly bears on creditworthiness and renders the disclosure misleading. (Banks R&R at 12-13.) Plaintiff here has plausibly alleged that the omitted information was furnished to Equifax by data furnishers, appeared in his file, and was required to be disclosed under § 1681g(a)(1). The Massachusetts decisions cited in Equifax's supplemental authority do not address the statutory text's clear distinction between "file" and "report," nor do they control in the Fifth Circuit. The

reasoning in *Stafford* and *Banks* is persuasive and more closely aligned with the issues presented in Plaintiff's complaint.

## IV. CONCLUSION

For the foregoing reasons, and for the additional reasons stated in Plaintiff's original complaint and amended complaint this Court should deny Equifax's Motion to Dismiss (Doc. No. 12) in its entirety. In the alternative, Plaintiff requests leave to amend.

**Respectfully submitted this the 3rd day of June 2026.**

> **/s/ Noelle Sillmon**
> **NOELLE SILLMON**
> **Counsel for the Plaintiff**
> **Alabama Bar No.: 4074Y61Q**
> **Legally Noelle Services, LLC.**
> **P.O. Box 242141**
> **Montgomery, AL 36124**
> **(334) 513-1710**
> **legally.noelle@gmail.com**

## CERTIFICATE OF SERVICE

I certify that on June 3, 2026, I electronically filed the foregoing document(s) with the Clerk of the Court using the CM/ECF, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system and via email below.

FORREST M. "TEO" SEGER III
ATTORNEY-IN-CHARGE

TEXAS BAR NO. 24070587
SOUTHERN DISTRICT BAR NO. 125540
TSEGER@CLARKHILL.COM
CLARK HILL PLC
2301 BROADWAY ST.
SAN ANTONIO, TEXAS 78215
(210) 250-6000
(210) 250-6100 (FAX)
*ATTORNEY FOR DEFENDANT*

JENNIFER R. BROOKS, BAR NO. 24103791
SDTX FEDERAL NO.: 3122661
JRBROOKS@SEYFARTH.COM
SEYFARTH SHAW LLP
2323 ROSS AVENUE, SUITE 1660
DALLAS, TEXAS 75201
TELEPHONE: (469) 608-6730
COUNSEL FOR DEFENDANT, EQUIFAX INFORMATION SERVICES LLC

SAMIN HESSAMI, TEXAS BAR NO. 24100109
SDTX FED. NO.: 3231503
SEYFARTH SHAW LLP
700 MILAM STREET
SUITE 1400
HOUSTON, TEXAS 77002-2812
TELEPHONE: (713) 238-1847
FACSIMILE: (713) 821-0711
EMAIL: SHESSAMI@SEYFARTH.COM
ATTORNEY FOR DEFENDANT, EQUIFAX INFORMATION SERVICES LLC

*/s/Noelle Sillmon*
*Of Counsel*

7

**EXHIBIT A**

Report and Recommendation, Robert Stafford v. Trans Union, LLC, et al., Civil Action No. 4:25-CV-00921-JDK (E.D. Tex. Nov. 17, 2025) (Doc. No. 25)

**EXHIBIT B**

Report and Recommendation, Veronica Banks v. Equifax Information Services LLC, Civil Action No. 5:25-CV-00111-JRG-JBB (E.D. Tex. Feb. 9, 2026) (Doc. No. 23)