**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| BRANDON CALEB, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | Case No. 4:26-cv-00197 |
| EQUIFAX INFORMATION SERVICES, LLC, | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

**EQUIFAX INFORMATION SERVICES LLC'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Equifax Information Services LLC, ("Equifax"), files this Reply Brief in

Support of its Motion to Dismiss Plaintiff's Amended Complaint (the "Motion," ECF No. 12) and,

in support thereof, respectfully show the Court as follows:

**INTRODUCTION**

Plaintiff's Response in Opposition to Equifax's Motion (ECF. No. 20) (the "Response")

mischaracterizes the Motion, concedes most of the issues, confirms the core defects of this case,

fails to plead any actionable omission under § 1681g or plausible violations of §§ 1681i or 1681e(b)

of the Fair Credit Reporting Act ("FCRA") and further demonstrates that Plaintiff fails to plausibly

allege injury in fact for Article III standing. Plaintiff fails to identify specific allegations in his

Amended Complaint ("Complaint") to overcome Equifax's Motion and his Response leaves key

dispositive arguments raised by Equifax substantively untouched by failing to engage them at all.

Plaintiff's strategy seems to be only to muddy the waters of his Complaint, Equifax's Motion, the

relevant case law along with the spirit of the FCRA.

326343246v.1

Plaintiff largely relies upon the Eastern District's rulings in *Stafford v. Trans Union, LLC*, No. 4:25-CV-00921-JDK, 2025 WL 4648412   (E.D. Tex. Nov. 17, 2025), report and recommendation adopted, No. 4:25-CV-921-JDK-JDL, 2026 WL 526695 (E.D. Tex. Feb. 25, 2026) and *Banks v. Equifax Info. Servs. LLC*, No. 5:25-CV-00111-JRG-JBB, 2026 WL 628973 (E.D. Tex. Feb. 9, 2026), report and recommendation adopted, No. 5:25-CV-00111-JRG-JBB, 2026 WL 627793 (E.D. Tex. Mar. 5, 2026).

Equifax acknowledges that those two Courts have denied similar motions to dismiss. Respectfully, while persuasive, those opinions are not controlling or binding.  Further, Equifax also acknowledges that Courts nationwide, given the volume and similarity of these disputes (despite the CRAs having for decades having issued disclosures identical to the kind Plaintiff received here, with presumably the full knowledge of Congress), have begun to see these Complaints for what they are and starting to look at them with a more discerning eye.[1]  *See, e.g.*, *Dotson v. National Consumer Telecommunications and Utility Exchange, Inc.*, 2026 WL 575337, at \*1 (W.D.Okla., 2026) ("Plaintiff points to three types of omissions or errors to support his claim of noncompliance: (1) truncated account numbers… (3) missing past due amounts. NCTUE argues that these allegations are wholly conclusory and fail to state a claim for violation of § 1681g. The Court agrees."). Consumers, for dozens of years, have been obtaining disclosures from Equifax and the other CRAs, which are identical to the type of disclosure Plaintiff received here.  This Court should dismiss Plaintiff's Complaint, which fails to state any plausible claim to relief, or any particularized, concrete injury.

---

[1] These § 1681g claims are transparent attempts at cleaning credit.  Equifax will represent to this Court that the plaintiffs bringing these claims are willing to settle, not for untruncation of account numbers or the provision of any so-called "omitted" information (which Equifax does not possess), but financial return and the removal of otherwise *accurate*, but negative, credit history.  These types of lawsuits do not promote the purpose of the FCRA.

-2-

## ARGUMENT AND AUTHORITIES

### I.    Plaintiff Fails to Establish Article III Standing

As stated in Equifax's Motion to Dismiss, Plaintiff lacks Article III standing as he does not allege he suffered any actual damages resulting from any *concrete informational* injury. Nor does he allege any sort of causal link between any damages and Equifax's conduct. "Causation of damages is an essential element to proving a CRA negligently violated any provision of the FCRA." *McDonald v. Equifax Inc.*, No. 3:15-cv-3212-B, 2017 WL 879224, at *11 (N.D. Tex. Mar. 6, 2017) (citing *Bacharach v. Suntrust Mortg., Inc.*, 827 F.3d 432, 435 (5th Cir. 2016)). Simply, Plaintiff "has the burden of proving that [his] damages were caused by the defendant's violations of the FCRA." *Zala v. Trans Unio*n, No. 99-CV-0399, 2001 WL 210693, at * 6 (N.D. Tex. Jan. 17, 2001) (citation omitted). Here, Plaintiff merely states he has suffered actual damages without pleading any details of what these alleged damages entail or how these unspecified damages are linked to Equifax's conduct.  Any consumer can point to a disclosure from a CRA, allege data is missing or in the wrong format, and claim he or she was distressed by it.  That is not the type of individualized, concrete injury required by Article III.  Plaintiff's conclusory allegations thus fail for lack of Article III standing.

Not only has Plaintiff failed to show that he has standing to bring the claims alleged in the Amended Complaint against Equifax, but other courts have recently rejected standing for other plaintiffs similarly situated. *See Christopher Andrade v. Equifax Information Services, LLC*, No. 1:25-cv-12346-MJJ, ECF No. 17, Docket Text Order (D. Mass. March. 10, 2026) ("allegations of missing full account numbers [are] insufficient to confer standing."); *Tyrone Bozeman v. Equifax Information Services, LLC*, No. 25-12253-MJJ, at *3-4 (D. Mass. March 10, 2026) ("Plaintiff is aware that there is missing information in his American Express account and the credit report

326343246v.1

includes information sufficient for Plaintiff to identify that account, including the last four digits of the account number, the account type, and the lending institution….Plaintiff does not allege how the missing full account number prevents him from verifying information…Plaintiff does not plausibly allege any concrete injury.") (citing to *TransUnion LLC v. Ramirez*, 594 U.S. 413, 441 (2021); *Axel Rivera v. Equifax Information Services, LLC*, No. 1:25-cv-12303-BEM, ECF No. 31, Docket Text Order (D. Mass. February 12, 2026) ("Plaintiff has not demonstrated standing to bring a claim based on the absence of "full account numbers…this allegation amounts to no more than that Plaintiff received the requested information 'in the wrong format,' which does not suffice to establish 'a concrete informational injury' for standing purposes.") (citing to *TransUnion LLC v. Ramirez*, 594 U.S. 413, 441 (2021)).

Plaintiff's Response solely relies on the opinions in *Stafford v. Trans Union, LLC*, No. 4:25-CV-00921-JDK, 2025 WL 4648412, at *3 (E.D. Tex. Nov. 17, 2025), report and recommendation adopted, No. 4:25-CV-921-JDK-JDL, 2026 WL 526695 (E.D. Tex. Feb. 25, 2026) and *Banks v. Equifax Info. Servs. LLC*, No. 5:25-CV-00111-JRG-JBB, 2026 WL 628973, at *3 (E.D. Tex. Feb. 9, 2026), report and recommendation adopted, No. 5:25-CV-00111-JRG-JBB, 2026 WL 627793 (E.D. Tex. Mar. 5, 2026). *See* ECF No. 20.  Respectfully, those decisions, while persuasive, are not binding upon this Court.  Nor did they address the issue here – that the injury is an informational one related to the information being *in the wrong format*, separate and apart from the (wholly-conclusory and implausible) allegations that Plaintiff was damaged or distressed by the allegedly incomplete reporting.

## II. Plaintiff Fails to Address Equifax's Arguments Regarding His Section 1681g Claim.

### a. The Statute Does Not Require Disclosure of Full Account Numbers

While 15 U.S.C. § 1681g(a) provides that, upon request, a credit reporting agency is required to disclose "[a]ll information in the consumer's file at the time of the request," Section

1681g does not require disclosure of information like full account numbers, which are truncated for security purposes.

At least one district court has specifically found this applies to redacting account numbers. *Walker v. Equifax Info. Sols., LLC*, No. 1:21-CV-01045-ELR, 2024 U.S. Dist. LEXIS 210523, at \*16 (N.D. Ga. Sep. 23, 2024) ("Plaintiff offered no evidence that his credit report actually contained inaccurate or incomplete information … regarding the disputed accounts … because the account numbers on his credit report simply were not listed in full") (cleaned up). Further, one district court has found that in some situations scrambling or truncating a consumer's account number is reasonable as a matter of law. *Whitaker v. Trans Union Corp.*, No. 03-2551-GTV, 2005 U.S. Dist. LEXIS 51531, at \*61 (D. Kan. Feb. 3, 2005). *See Penniman v. Equifax Information Services, LLC*, No. 5:25-cv-02241, (C.D. CA December 18, 2025) ("holding that Plaintiff's claim does not state a claim upon which relief can be granted because Plaintiff's consumer file includes information that Defendant *might* [emphasis added] furnish in a consumer report).

### b. The Statute Does Not Require Disclosure of Unavailable Information

Section 1681g does not require disclosure of speculative, nonexistent, or non-reportable information beyond what is actually recorded and retained in a consumer's file. Plaintiff's theory regarding missing data improperly converts the absence of data into a statutory violation, which courts consistently reject, and Plaintiff alleges no facts showing that any such information existed in Equifax's file. *See* ECF No. 29.

Plaintiff alleges in his Complaint that Equifax's disclosure omitted critical information contained within his credit file, including incomplete account details. *See* ECF No. 10, at ¶¶ 15-16.  Courts routinely hold as a matter of law this is not inaccurate reporting: "It is not reasonable

326343246v.1

to understand 'No data' and 'Not reported' to mean anything but that Equifax did not possess that data. It is not reasonable that Equifax's use of these codes would cause a third party to reach adverse conclusions regarding [Plaintiff's] credit." *Santos v. Experian Info. Sols., Inc.*, 2021 WL 4034801, at *4 (D. Minn. Sept. 3, 2021); *Turner v. Experian Info. Sols., Inc.*, 2017 WL 2832738, at *4 (N.D. Ohio June 30, 2017) ("[R]eporting of 'ND' for 'no data' is not inaccurate under Section 1681e(b) because it is factually correct").

Further, even if it were "omitted," (it is not), Plaintiff has identified no technical or factual inaccuracy because "[o]mission of payment history data, standing alone, does not render a credit report inaccurate or materially misleading." *See Jones v. Equifax Info. Servs. LLC*, 2025 WL 2299415, at *3 n.4 (D. Md. Aug. 8, 2025) (*citing Harris v. Experian Info. Sols., Inc.*, 2009 WL 10693883, at *5 (D.S.C. June 30, 2009) ("A credit report is not 'inaccurate' simply because it does not include all relevant information about a consumer.")); *Elsady v. Rapid Global Bus. Sols., Inc.*, 2010 WL 2740154, at *7 (E.D. Mich. July 12, 2010) ("[A] plaintiff's mere assertion that a report was misleading . . . is insufficient to establish that a report was misleading and, therefore, inaccurate.").

In short, the blank fields Plaintiff identifies do not indicate that Equifax withheld information in violation of § 1681g. Equifax, as a CRA, does not originate the underlying data. *See Dotson v. National Consumer Telecommunications and Utility Exchange, Inc.*, No. CIV-25-1171-SLP, 2026 WL 575337, at *5 (W.D. Okla. Mar. 2, 2026) (holding that if the data furnishers only provided the CRA with truncated account numbers, the full account numbers would not have been in the CRA's file at the time of Plaintiff's request). Equifax reports information gathered from data furnishers; as a result, data related to an account is limited to that provided by the data

-6-

furnisher.   Plaintiff has failed to alleged any facts showing Equifax retained or recorded the allegedly omitted data. Indeed, "No Data" is a representation of absence, not omission.

### III.    Plaintiff Fails to Allege a Willful Violation of the FCRA

Even if the Court determines that Plaintiff has Article III standing and a plausible FCRA claim for negligent violation of § 1681g, Plaintiff fails to state a claim for willful noncompliance under the FCRA. To establish willfulness, Plaintiff must allege facts showing that Equifax either knowingly violated the statute or acted in reckless disregard of its requirements. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 57-60 (2007). Equifax cannot act recklessly where its conduct is consistent with a reasonable interpretation of the statute. *Id.* at 69-70. Plaintiff fails to allege any facts to show knowing or reckless misconduct. Neither does Plaintiff identify any authoritative guidance that clearly establishes that truncation of account numbers or omission of fields where no data exists violate § 1681g.

To the contrary, practices challenged by Plaintiff reflect reasonable and widely accepted approaches to balancing obligation pursuant to § 1681g with consumer privacy and data security concerns. At minimum, Equifax's approach represents a reasonable interpretation of § 1681g, which forecloses any claim for willfulness as a matter of law. *See Safeco*, 551 U.S. at 69–70.

Therefore, even if Plaintiff had adequately alleged a statutory violation—which he has not—his claim for willful noncompliance under 15 U.S.C. § 1681n fails as a matter of law and should be dismissed.

**<u>CONCLUSION</u>**

For all of the foregoing reasons, Equifax respectfully requests that this Court grant Equifax's Motion, dismiss Plaintiff's Amended Complaint against Equifax in its entirety, with prejudice, along with such other relief as the Court deems equitable and just.

-8-

DATED:  June 10, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By:  */s/ Jennifer R. Brooks*
Jennifer R. Brooks, Bar No. 24103791
SDTX Federal No.: 3122661
jrbrooks@seyfarth.com
SEYFARTH SHAW LLP
2323 Ross Avenue, Suite 1660
Dallas, Texas  75201
Telephone:  (469) 608-6730

*Counsel for Defendant*
*Equifax Information Services LLC*

326343246v.1

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jennifer R. Brooks*
Jennifer R. Brooks
*Counsel for Defendant*
*Equifax Information Services LLC*

326343246v.1