**THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **BRANDON CALEB,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 4:26-cv-00197** |
| | ) |
| **EQUIFAX INFORMATION SERVICES,** | ) |
| **LLC** | ) |
| **Defendants.** | ) |
| | ) |

---

**PLAINTIFF'S SUR-REPLY OPPOSITION TO DEFENDANT'S REPLY
BRIEF IN SUPPORT OF ITS MOTION TO DISMISSPLAINTIFF'S
AMENDED COMPLAINT**

---

**COMES NOW**, Plaintiff, Brandon Caleb, by and through undersigned counsel, respectfully submits this Sur-Reply in further opposition to Defendant Equifax Information Services LLC's ("Equifax") Reply Brief in Support of its Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 21). Equifax's Reply mischaracterizes Plaintiff's claims and arguments, ignores highly persuasive recent authority that has rejected its erroneous positions on both standing and the merits of the Section 1681g claim, and improperly injects policy arguments irrelevant to Rule 12(b)(6). Plaintiff avers that the decisions in *Rawls v. Trans Union, LLC*, No. 1:24-cv-3948-VMC-CCB (N.D. Ga. Aug. 5, 2025) ("Rawls Order"), and *Watkins v.*

1

*Equifax Information Services LLC*, No. 1:25-cv-524 (S.D. Ohio Dec. 30, 2025) ("Watkins Order"), involved claims of omitted and truncated account numbers in consumer file disclosures that are materially indistinguishable from those alleged here. In both cases, the courts denied dispositive relief to the consumer reporting agencies ("CRA") defendants and permitted the actions to proceed. This Court should reach the same result.

## I.    PLAINTIFF HAS ESTABLISHED ARTICLE III STANDING

Equifax claims that Plaintiff has failed to allege a concrete injury because any harm is merely from receiving information "in the wrong format," citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 441 (2021), and recent District of Massachusetts decisions. This argument is without merit and contradicted by recent authority and Plaintiff's specific allegations of harm.

In *Rawls*, the court held that a plaintiff alleging emotional distress, frustration, anxiety, loss of personal time, and out-of-pocket mailing expenses incurred in repeated attempts to obtain a complete consumer file had sufficiently pled a concrete injury in fact for Article III standing. Rawls Order at 5-6. The Court relied on Eleventh Circuit precedent recognizing that wasted time and emotional harm from inaccurate or incomplete credit information constitute concrete injuries. *Id.* (citing *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 943 (11th Cir. 2021)). Plaintiff's Amended Complaint contains parallel allegations: Equifax's incomplete disclosure,

including truncated account numbers and missing critical data fields, caused Plaintiff emotional distress, wasted time and effort in attempting to verify his accounts, and impaired his ability to identify and dispute potentially inaccurate information. These harms are particularized to Plaintiff, fairly traceable to Equifax's failure to provide the statutorily required disclosure, and redressable by an order compelling compliance and awarding damages.

The District of Massachusetts cases cited by Equifax (*Andrade v. Equifax*, *Bozeman v. Equifax*, and *Rivera v. Equifax*) are neither binding nor analogous. Those decisions turned on allegations that were deemed too conclusory or where plaintiffs could still identify accounts using last four digits and other details provided. Here, Plaintiff alleges that the specific omissions, particularly of full or unmasked account numbers for reported tradelines, prevented the identification and verification of accounts, especially where multiple accounts or similarly negative information may exist. This goes beyond "wrong formatting" to a substantive deprivation of the information necessary to exercise FCRA rights. Equifax's reliance on *Dotson v. National Consumer Telecommunications and Utility Exchange, Inc.*, 2026 WL 575337 (W.D. Okla. Mar. 2, 2026), is equally unpersuasive. That case involved different factual allegations against a different consumer reporting agency and is not precedential in this District.

## II.    THE AMENDED COMPLAINT STATES A PLAUSIBLE SECTION 1681g CLAIM

Equifax's core argument, that Section 1681g does not require disclosure of full account numbers (which it truncates for "security") and that "No Data" fields are not omissions, has been rejected by courts confronting nearly identical pleadings.

In *Watkins*, Equifax moved to dismiss a claim that its disclosure of truncated account numbers violated Section 1681g(a)(1)'s requirement to "clearly" and "accurately" disclose all information in the consumer's file. Watkins Order at 1-2. The court engaged in a thorough statutory analysis, acknowledging the tension between the broad definition of "file" in Section 1681a(g) and the Seventh Circuit's narrowing construction in *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 910 (7th Cir. 2007) (interpreting "file" in Section 1681g as information included in a consumer report). Nevertheless, the court agreed with the plaintiff that Equifax's practice of providing only truncated account numbers failed to satisfy its disclosure obligations. Watkins Order at 7-10. The court emphasized that such incomplete disclosures deprive consumers of the ability to identify specific accounts, verify reported information, and detect fraud or errors, the exact harms Plaintiff alleges here.

In *Rawls*, the plaintiff sought leave to amend to add allegations that the CRA's disclosure "concealed key account details by providing only masked and incomplete account numbers, preventing Plaintiff from verifying and disputing reported

4

accounts" for specific banks, and failed to include historical payment data, internal notes, and full inquiry history. Rawls Order at 7. Over the defendant's futility objections, the court granted leave, finding the allegations stated a plausible claim under Section 1681g and that amendment would not cause undue prejudice at the pre-discovery stage. *Id.* at 8-10.

These recent decisions confirm that account numbers form part of the information in the consumer's file that must be disclosed to make the statutory right meaningful. Equifax's authorities are distinguishable or outdated. *Walker v. Equifax Info. Sols., LLC*, 2024 U.S. Dist. LEXIS 210523 (N.D. Ga. Sep. 23, 2024), addressed a different record and did not involve allegations that truncation prevented account identification. *Penniman v. Equifax*, No. 5:25-cv-02241 (C.D. Cal. Dec. 18, 2025), and *Whitaker v. Trans Union Corp.*, 2005 U.S. Dist. LEXIS 51531 (D. Kan. Feb. 3, 2005), do not reflect the current judicial trend evidenced by *Watkins* and *Rawls*. While data security is a legitimate concern, it does not permit Equifax to withhold information required by statute. The FCRA requires a balance, and consumers are entitled to disclosures that allow them to protect their credit and privacy interests.

Equifax's "unavailable information" defense is also unpersuasive. Plaintiff alleges omissions of information that Equifax maintains or that was furnished to Equifax, not speculation about nonexistent data. The presence of blank fields or "No Data" codes in the disclosure may indicate that Equifax's processes fail to capture or

report all recordable information, which itself can support a claim of incomplete disclosure.

### III. PLAINTIFF'S WILLFULNESS ALLEGATIONS ARE ADEQUATE, AND EQUIFAX'S FOOTNOTE IS IMPROPER

Equifax argues that Plaintiff fails to plead willfulness under *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007), because its truncation practice reflects a reasonable interpretation of the statute. Even assuming arguendo that willfulness is required (it is not for a Section 1681o claim), the Amended Complaint alleges that Equifax knowingly employs an automated, template-driven system that systematically produces incomplete disclosures, despite the FCRA's text and despite judicial decisions putting it on notice that such practices are legally deficient. The existence of *Stafford v. Trans Union, LLC*, 2025 WL 4648412 (E.D. Tex. Nov. 17, 2025), report and recommendation adopted, 2026 WL 526695 (E.D. Tex. Feb. 25, 2026), and *Banks v. Equifax Info. Servs. LLC*, 2026 WL 628973 (E.D. Tex. Feb. 9, 2026), report and recommendation adopted, 2026 WL 627793 (E.D. Tex. Mar. 5, 2026), within the Fifth Circuit, as well as *Watkins* and *Rawls*, undermines any claim that Equifax's interpretation is the only reasonable one. At this stage, the allegations are sufficient to survive dismissal; willfulness is often fact-dependent and resolved on summary judgment or at trial.

Equifax's footnote 1, asserting that these Section 1681g claims are "transparent attempts at cleaning credit" and that plaintiffs settle for financial return

6

rather than information, is irrelevant to whether the Amended Complaint states a claim and is an improper attempt to impugn Plaintiff's motives. The FCRA was enacted to ensure "fair and accurate credit reporting" and to give consumers access to their files. 15 U.S.C. Section 1681(a). Enforcing the disclosure provisions serves that purpose directly. Settlement practices in consumer cases are common and do not negate statutory violations. The Court should disregard any reference to settlement negotiations, as Federal Rule of Evidence 408 expressly precludes the use of such communications to prove or disprove the validity of a disputed claim. This Court should disregard such commentary in this case.

### IV.    CONCLUSION

Equifax has failed to demonstrate that Plaintiff's Amended Complaint is deficient under Rule 12(b)(6) or that Plaintiff lacks standing. The recent *Rawls* and *Watkins* decisions confirm that alleged deficiencies involving omitted and truncated account numbers in § 1681g disclosures are sufficient to sustain a claim. Accordingly, Defendant's Motion to Dismiss should be denied in its entirety.

**Respectfully submitted this the 16th day of June 2026.**

> **/s/ Noelle Sillmon**
> **NOELLE SILLMON**
> **Counsel for the Plaintiff**
> **Alabama Bar No.: 4074Y61Q**
> **Legally Noelle Services, LLC.**

**P.O. Box 242141**
**Montgomery, AL 36124**
**(334) 513-1710**
**legally.noelle@gmail.com**

## CERTIFICATE OF SERVICE

I certify that on June 16, 2026, I electronically filed the foregoing document(s) with the Clerk of the Court using the CM/ECF, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system and via email below.

FORREST M. "TEO" SEGER III
ATTORNEY-IN-CHARGE
TEXAS BAR NO. 24070587
SOUTHERN DISTRICT BAR NO. 125540
TSEGER@CLARKHILL.COM
CLARK HILL PLC
2301 BROADWAY ST.
SAN ANTONIO, TEXAS 78215
(210) 250-6000
(210) 250-6100 (FAX)
ATTORNEY FOR DEFENDANT

JENNIFER R. BROOKS, BAR NO. 24103791
SDTX FEDERAL NO.: 3122661
JRBROOKS@SEYFARTH.COM
SEYFARTH SHAW LLP
2323 ROSS AVENUE, SUITE 1660
DALLAS, TEXAS 75201
TELEPHONE: (469) 608-6730
COUNSEL FOR DEFENDANT, EQUIFAX INFORMATION SERVICES LLC

SAMIN HESSAMI, TEXAS BAR NO. 24100109

SDTX FED. NO.: 3231503
SEYFARTH SHAW LLP
700 MILAM STREET
SUITE 1400
HOUSTON, TEXAS 77002-2812
TELEPHONE: (713) 238-1847
FACSIMILE: (713) 821-0711
EMAIL: SHESSAMI@SEYFARTH.COM
ATTORNEY FOR DEFENDANT, EQUIFAX INFORMATION SERVICES LLC

*/s/Noelle Sillmon*
*Of Counsel*

9