United States District Court
Southern District of Texas
**ENTERED**
June 23, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON CALEB, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-26-0197 |
| | § | |
| EQUIFAX INFORMATION | § | |
| SERVICES, LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending is Defendant Equifax Information Services, LLC's Motion to Dismiss under FED. R. CIV. P. 12(b)(1) and 12(b)(6) (Document No. 12), to which Plaintiff Brandon Caleb responded (Document No. 13). After carefully considering the Motion, the parties' submissions, and applicable law, the Court concludes as follows.

## I.   Background

In this Fair Credit Reporting Act ("FCRA") case, Plaintiff visited a website at www.annualcreditreport.com and requested from Defendant a copy of his consumer credit report on March 16, 2025. Document No. 10 at 3. Upon receipt of the file, Plaintiff allegedly found multiple errors and omissions in various of seventeen different accounts. These included omissions or mistakes in the account numbers, account information, and payment

history as well as re-aged data, incomplete credit limits, Terms Durations, Frequency, Activity Designator, Date of Last Payment, Actual Payment Amount, Scheduled Payment Amount, Date of Last Activity, Date Maj Del 1st Reported, Charge Off Amount, Deferred Pay Start Date, Balloon Pay Amount, Balloon Pay Date, and Charge-off dates.  Id. at 3-10.

Plaintiff filed suit in January 2026, alleging both negligence and willful conduct in violation of 15 U.S.C. §§ 1681g, 1681i, 1681n, and 1681o.  Document No. 1.  After Defendant filed a Motion to Dismiss,[1] Document No. 8, Plaintiff timely filed an Amended Complaint as a matter of course, Document No. 10. Defendant then filed the pending Motion to Dismiss Plaintiff's Amended Complaint.  Document No. 12.

## II.  Standard of Review

A party may seek dismissal of an action for lack of subject-matter jurisdiction.  FED. R. CIV. P. 12(b)(1).  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks omitted). "Article III of the Constitution limits federal courts to deciding 'Cases' and 'Controversies.'"  Dep't of Commerce v. New York, 139

---

[1] Defendant's first Motion to Dismiss (Document No. 8) is DENIED as moot.

S. Ct. 2551, 2565 (2019). "One element of the case-or-controversy requirement" is that Plaintiffs "must establish that they have standing to sue." Id. (citing Lujan v. Defs. of Wildlife, 112 S. Ct. 2130, 2136-37 (1992)). To invoke this Court's jurisdiction, Plaintiffs "must satisfy the familiar tripartite test for Article III standing: (A) an injury in fact; (B) that's fairly traceable to the defendant's conduct; and (C) that's likely redressable by a favorable decision." E.T. v. Paxton, 41 F.4th 709, 714 (5th Cir. 2022) (citing Lujan, 112 S. Ct. at 2136). The burden of establishing subject-matter jurisdiction is on the party seeking to invoke it, which here is Plaintiff. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted[.]" FED. R. CIV. P. 12(b)(6). To survive a motion for dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Plausibility is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short

3

of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 127 S. Ct. at 1955).

The Court "must accept all well-pleaded facts as true" and view those facts "in the light most favorable to the plaintiff." Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019); see also Twombly, 127 S. Ct. 1965 ("Factual allegations must be enough to raise a right to relief above the speculative level," assuming "that all the allegations in the complaint are true (even if doubtful in fact).").  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Walker, 938 F.3d at 735 (internal quotation marks omitted).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  Id. (quoting Iqbal, 129 S. Ct. at 1937).

## III. Analysis

First, Defendant argues that Plaintiff alleges an informational injury that is not "concrete and particularized" to establish standing.  Document No. 12 at 10-13.  However, "[c]ourts routinely find that plaintiffs have Article III standing in similar FCRA cases."  Washington v. Cap. One Auto Fin., 2026 WL 1495050, at *2, n.1 (S.D. Tex. May 28, 2026) (Rosenthal, J); see also Kelly v. RealPage Inc., 47 F.4th 202, 215 (3d Cir. 2022) ("It is therefore enough for standing purposes for plaintiffs to allege that, as a result of an omission, they experienced the adverse

4

effects of being 'unable to ... ensure fair and accurate reporting of their credit information.'" (quoting Tailford v. Experian Info. Sols., Inc., 26 F.4th 1092, 1100 (9th Cir. 2022))). Plaintiff pleads that he suffered "loss of credit, credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress." Document No. 10 at 16. These "adverse effects" flowing from the alleged omission of information are sufficient to establish standing. See Banks v. Equifax Info. Servs. LLC, 2026 WL 628973, at *4 (E.D. Tex. Feb. 9, 2026) (Baxter, M.J.), adopted by, 2026 WL 627793 (E.D. Tex. Mar. 5, 2026) (Gilstrap, J.).

Second, Defendant argues that as a matter of law Plaintiff cannot state a claim under the FCRA. "The FCRA is to be liberally construed in favor of the consumer." Wagner v. TRW, Inc., 139 F.3d 898 (5th Cir. 1998) (per curiam). Under the FCRA, reporting agencies like Defendant must, upon request, "clearly and accurately disclose" all the information, sources, and report recipients in a consumer's file. 15 U.S.C. § 1681g(a)(1). "A consumer's file includes 'all information on the consumer that is recorded and retained by a [consumer reporting agency] that might be furnished, or has been furnished, in a consumer report on that consumer." Shaw v. Experian Info. Sols., Inc., 891 F.3d 749, 759 (9th Cir. 2018) (quoting Cortez v. Trans Union, LLC, 617 F.3d 688, 711 (3d Cir. 2010)).

Defendant contends that the errors and omissions that Plaintiff identifies do not implicate "creditworthiness" and are thus not part of the "file" contemplated by 15 U.S.C. § 1681g. Document No. 12 at 3. Defendant has made this "creditworthiness" argument in other courts and cites a handful of cases from other districts that largely turn on evidentiary failures in summary judgment motions or a failure to specify a single inaccuracy or account. *See* Document No. 12 at 4-7. The court in one such case reversed its decision after the plaintiff filed an amended complaint "identify[ing] specific information--account numbers and/or payment histories--that were truncated or missing from specific accounts in Defendant's disclosure of his consumer file," and held that Plaintiff "plausibly alleged that Defendant failed to disclose information in violation of § 1681g(a)(1)." Harris v. TransUnion, LLC, 2025 WL 3306434, at *7 (N.D. Ga. Oct. 20, 2025).

The statute reads:

> Every consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer:
>
> > (1) All information in the consumer's file at the time of the request, except that--
> >
> > > (A) if the consumer to whom the file relates requests that the first 5 digits of the social security number (or similar identification number) of the consumer not be included in the disclosure and the consumer reporting agency has received appropriate proof of the identity of the requester, the consumer reporting agency shall so truncate such number in such disclosure; and

(B) nothing in this paragraph shall be construed to require a consumer reporting agency to disclose to a consumer any information concerning credit scores or any other risk scores or predictors relating to the consumer.

15 U.S.C. § 1681g(a). Thus, the statute permits an exception for a truncated social security number and provides for non-disclosure of proprietary analytical information "concerning credit scores or any other risk scores or predictors relating to the consumer," but that is all. Id. Otherwise, the statute requires "*[a]ll* information in the consumer's file at the time of the request." Id. (emphasis added). The Supreme Court explained that this file disclosure requirement and the corresponding requirement of § 1681g(c)(2) to deliver a summary-of-rights "are designed to protect consumers' interests in learning of any inaccuracies in their credit files so that they can promptly correct the files before they are disseminated to third parties." TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2213 (2021).

Equifax's argument that Plaintiff's 'file' necessarily is limited to information included in a 'consumer report'" was recently rejected in Banks, 2026 WL 628973, at *6-7; *see also* Stafford v. Trans Union, LLC, 2025 WL 4648412, at *3-4 (E.D. Tex. Nov. 17, 2025), adopted sub nom. 2026 WL 526695 (E.D. Tex. Feb. 25, 2026). After analyzing the statutory definitions of "file" and "consumer report," those courts found "no reason why the full account numbers, internal data, and payment history are not part

7

of the consumer file as alleged." *See e.g.,* <u>Stafford</u>, 2025 WL 4648412, at *3. Those courts also distinguished many of the same out-of-state cases on which Defendant presently relies, including the later reversed opinion in <u>Harris</u>, 2025 WL 3306434. The reasoning of <u>Banks</u> and <u>Stafford</u> is persuasive, and consistent with the Supreme Court's explanation in <u>Ramirez</u>.

Defendant next argues that the alleged omissions are not inaccuracies because "Plaintiff does not allege that such information exists." Document No. 12 at 8. Plaintiff disputes that depiction of his argument. Document No. 13 at 7 (arguing that it was the "data already furnished to Equifax by the data furnishers [that] was not disclosed in the file provided to him."). Indeed, some missing information may not exist in Equifax's file on Plaintiff, but Plaintiff's detailed allegations are that *all* of some eighteen discrete items of information are incomplete in four of Plaintiff's identified accounts, and that another 12 of his identified accounts have at least five (and up to 16) specific items of incomplete information. Document No. 10 at 9-10. These are listed with respect to each individual account. <u>Id.</u> These allegations are sufficient at the pleading stage to survive Defendant's motion to dismiss. *See* <u>Stafford</u>, 2025 WL 4648412, at *4 ("[T]he court must take Plaintiff's allegations as true, which, when construed liberally, suggest that the omission of the tradelines was misleading."); *see also* <u>Washington v. Equifax</u>, 2019 WL 2443126, at *3 (M.D. Tenn. June 12, 2019) ("In the absence of

binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA."); Adams v. Equifax Information Services, LLC, 2026 WL 973459, at *5 (N.D. Ga. Feb. 2, 2026) ("Because Plaintiff specifically identified what information she believes is missing from her consumer disclosure, the undersigned cannot find at this early stage that Plaintiff has failed to state a claim for relief under § 1681g.").

IV. ORDER

For the foregoing reasons, the Court DENIES Defendant Equifax Information Services, LLC's Motion to Dismiss under FED. R. CIV. P. 12(b)(1) and 12(b)(6) (Document No. 12).

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 23rd day of June, 2026.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

9